UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-55337-JWC |
| | : | |
| TIMOTHY ALLEN BURDICK, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| ———————————————— | : | |
| | : | |
| MICHAEL J. BARGAR, as Chapter 7 trustee for the estate of Timothy Allen Burdick, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. _____ |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | |
| ———————————————— | : | |

## COMPLAINT

COMES NOW Michael J. Bargar, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of Timothy Allen Burdick ("**Debtor**"), by and through undersigned counsel, and files this Complaint (the "**Complaint**") against Wells Fargo Bank, N.A. ("**Defendant**" or "**Wells Fargo**").

**Jurisdiction, Venue, and Parties**

1.

This adversary proceeding is initiated pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 and under the provisions of 28 U.S.C. §§ 2201 and 2202 and Bankruptcy Rules 7001(2) and (9).

3.

Defendant is subject to the jurisdiction of this Court and may be served under Rule§7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

4.

This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case *In re Timothy Allen Burdick*, Case No. 23-55337-JWC (the "**Case**" or "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division (the "**Court**" or the "**Bankruptcy Court**").

5.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor's case is pending in this district and this division.

7.

Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

**Statement of Facts**

***a. General Background Facts***

8.

Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 7, 2023 (the

"**Petition Date**").

9.

Shortly thereafter, Trustee was appointed as the Chapter 7 trustee in this Case, and he remains in that role.

10.

Upon Debtor's filing his voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. See 11 U.S.C. §§ 348 and 541(a)(1).

11.

Trustee first held the Section 341 meeting in this matter on July 6, 2023, and, after a continuation for the production of additional documents and information, the meeting was concluded on August 25, 2023.

### b. The Whole Life Policy

12.

On June 7, 2023, Debtor filed his schedules of assets and liabilities [Doc. No. 1] (the "Schedules"), along with his Statement of Financial Affairs.

13.

On his original Schedule A/B, Debtor scheduled an ownership interest in a whole life policy with Prudential (the "**Whole Life Policy**") in the amount of $65,000.00. On information and belief, the Whole Life Policy is associated with Contract No. ** *** 289.

14.

On June 12, 2024, Trustee filed his *Complaint* [Doc. No. 1] (the "**Complaint**") to initiate Adversary Proceeding No. 24-5118 (the "**Prudential Adversary Proceeding**") against The

Prudential Insurance Company of America ("**Prudential"**). The Complaint alleged, *inter alia*, that: (a) on his original Schedule A/B, Debtor scheduled an ownership interest in a whole life policy with Prudential (the "**Whole Life Policy**") in the amount of $65,000.00; (b) Plaintiff's interest in the Whole Life Policy became property of the Bankruptcy Estate as of the Petition Date; and (c) Plaintiff is entitled to a judgment in favor of Plaintiff and against Prudential requiring the turnover of the cash value of the Whole Life Policy to Plaintiff under 11 U.S.C. § 542.

15.

On August 27, 2024, the Court entered a Consent Order [Doc. No. 6 in the Prudential Adversary Proceeding] and a Consent Judgment [Doc. No. 7 in the Prudential Adversary Proceeding]. The Consent Judgment provided: "Under 11 U.S.C. § 542 and Count I of Trustee's Complaint [Doc. No. 1], Prudential shall terminate the Whole Life Policy and turnover to Trustee the cash surrender value of the Whole Life Policy within 30 days of the entry of this judgment."

16.

Pursuant to the Consent Order and Consent Judgment entered in the Prudential Adversary Proceeding, the Whole Life Policy was terminated, and Prudential remitted the sum of $71,772.04 (the "**Policy Surrender Proceeds**") to Trustee.

17.

Wells Fargo may assert a claim secured by the Policy Surrender Proceeds (although Wells Fargo has filed only unsecured claims in the Bankruptcy Case).

18.

Wells Fargo was served with copies of the Consent Order and Consent Judgment entered in the Prudential Adversary Proceeding.

## COUNT I:
## DECLARATORY JUDGMENT TO DETERMINE THE VALIDITY,
## PRIORITY, AND EXTENT OF DEFENDANTS' LIENS IN SETTLEMENT PROCEEDS

19.

Plaintiff realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

20.

This is a claim for declaratory relief brought under the provisions of 28 U.S.C. §§ 2201 and 2202 and Bankruptcy Rules 7001(2) and (9).

21.

An actual controversy has arisen and now exists between Trustee and Defendant as to their legal rights and duties for which Trustee seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief.

22.

There is a dispute surrounding the extent of Defendant's liens in the Policy Surrender Proceeds, particularly whether Defendant has any lien whatsoever on the Policy Surrender Proceeds or whether Defendant has valid and properly perfected liens on the Policy Surrender Proceeds – given the fact that Defendant has filed only unsecured claims in the Bankruptcy Case.

23.

Based upon the foregoing, Trustee requests the Court determine the validity, extent, and/or priority of Defendant's lien on the Policy Surrender Proceeds.

24.

Specifically, Trustee requests a determination that Defendant does not hold properly a perfected lien on the Policy Surrender Proceeds and that Defendant holds only unsecured claims in the Bankruptcy Case.

### COUNT II:
### (ALTERNATIVE COUNT)
### SURCHARGE OF DEFENDANT'S LIEN IN SETTLEMENT PROCEEDS

25.

Plaintiff realleges the allegations of paragraphs 1 through 24 above as though fully set forth herein.

26.

To the extent that the Defendant's lien is not declared to be unenforceable under Count, the Defendant's lien should be surcharged for the administrative expenses of this Case.

27.

Section 506(c) of the Bankruptcy Code permits a trustee to recover administrative expenses from a secured creditor's collateral if three conditions are satisfied: (i) the expenses are "necessary" to preserve or dispose of the collateral, (ii) they are "reasonable," and (iii) the incurrence of the expenses provided a "benefit" to the secured creditor. *See, e.g., Federal Land Bank v. Belew (In re Belew)*, 44 B.R. 12 (Bankr. N.D. Ala. 1984) (explaining trustee must show that if not for the trustee's involvement and expenditures, the secured creditor would not have received as much of its claim as was realized); *Peninsula Fed. Sav. & Loan Ass'n v. Moore (In re Ruggio)*, 49 B.R. 450, 453 (Bankr. D. Conn. 1985) (explaining party must show that secured creditor would not have realized the full satisfaction of its claim without the intervention of the trustee).

28.

Trustee requests that the Defendants' collateral (the Policy Surrender Proceeds) be charged with the expenses of obtaining the Policy Surrender Proceeds, namely the administrative expenses of the Trustee's efforts in obtaining the Policy Surrender Proceeds including, without limitation, the prosecution of the Prudential Adversary Proceeding.

WHEREFORE, Trustee requests that the Court enter a judgment against Defendants:

(a)     determining that Defendant does not hold a valid security interest or lien in the Policy Surrender Proceeds;

(b)     determining that any lien held by Defendant should be surcharged; and/or

(c)     such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 25th day of February, 2025.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
        Michael J. Bargar
        Georgia Bar No. 645709
        mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1228